Filed 6/30/22  P. v. Gonzalez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JOSE GONZALEZ,<br><br>     Defendant and Appellant. | F081139<br><br>(Super. Ct. No. VCF037619D-96)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Christina Hitomi Simpson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Detjen, J. and Franson, J.

## INTRODUCTION

A jury convicted petitioner Jose Gonzalez of first degree murder (Pen. Code,[1] § 187, subd. (a), count 1).[2]  As to count 1, the jury found true the special circumstance that petitioner committed the murder while engaged in the commission or attempted commission of a robbery (§ 190.2, subd. (a)(17)).  The trial court sentenced petitioner on count 1 to a term of life without the possibility of parole.

In 2019, petitioner filed a petition for resentencing pursuant to section 1170.95. The trial court summarily denied the petition based on "the DA's response" and without providing a further statement of reasons.

On appeal, petitioner contends the trial court erred in denying the petition without conducting an evidentiary hearing.  Because the trial court denied the petition without specifically stating its reasons, petitioner attacks possible rationales the court may have relied upon.

We conclude the jury's special circumstance finding establishes petitioner is ineligible for resentencing as a matter of law.  Accordingly, the petition was properly denied without an evidentiary hearing.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We include a brief summary of the facts underlying this case taken from petitioner's codefendant's direct appeal.[3]

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Petitioner was convicted of additional offenses and enhancements, as described below.

[3] We provide this summary of the facts from the codefendant's direct appeal because it was incorporated into the People's briefing in the trial court and petitioner argues it may have been considered in the trial court's ruling.  However, we do not rely on these facts in resolving the issues presented in this appeal.  (*People v. Flores* (2022) 76 Cal.App.5th 974, 988 [appellate opinion from codefendant's appeal is not part of the record of conviction that may be considered in determining whether a petitioner has stated a prima facie case]; § 1170.95, subd. (d)(3).)  Furthermore, to the extent the trial

2.

"Prosecution evidence showed that [Saleh Bin] Hassan was killed on December 29, 1994, while working at [a] Market, which he and his wife owned in Farmersville, near Visalia. He had been shot twice, including once in the back. His dead body was lying prone behind the counter. Nothing was missing from the cash register. However, Hassan's wallet and handgun were gone. [George Lopez Contreras] was implicated in the crime along with three other men: [petitioner], Santos Acevedo Pasillas …, and Louis Phillip Fernandez, Jr. …. [Contreras] carried a shotgun into Hassan's store, and was identified as the actual killer. At the outset, criminal charges were jointly filed against all four men." (*People v. Contreras* (2013) 58 Cal.4th 123, 128–129.)

On October 17, 1996, a jury convicted petitioner of first degree murder (§ 189, subd. (a), count 1) and robbery (§ 211, count 2). As to the murder offense, the jury found true a robbery special circumstance (§ 190.2, subd. (a)(17)). As to both counts, the jury found not true a firearm enhancement (§ 12022.5, subd. (a)). On November 19, 1996, the trial court sentenced petitioner on count 2 to the aggravated term of five years. As to count 1, the trial court sentenced petitioner to a concurrent term of life without the possibility of parole.[4] Petitioner did not appeal.

In 1998, petitioner filed a petition for writ of habeas corpus in this court alleging ineffective assistance of counsel because his trial counsel failed to file a notice of appeal. (*In re Jose Gonzalez on Habeas Corpus* (Feb. 27, 1998, F030146 [nonpub. order]).) This court denied the petition because petitioner failed to explain the approximate one-year delay in seeking relief. (*Gonzalez*, F030146.)

On March 21, 2019, petitioner, in propria persona, filed a petition for resentencing on his murder conviction pursuant to section 1170.95. In the form petition, petitioner stated a complaint, information, or indictment was filed against him that allowed him to be prosecuted under a theory of felony-murder or murder under the natural and probable

court relied on these facts, it erred. (*Flores*, at p. 988.) As we explain below, however, any such error was harmless.

[4] The minute order states the term of life without the possibility of parole was "to run concurrent to [c]ount 2 pursuant to [section] 654."

3.

consequences doctrine; he was convicted of first or second degree murder at trial; and he could not now be convicted of first or second degree murder because of changes made to sections 188 and 189, effective January 1, 2019. Petitioner also requested the court appoint counsel during the resentencing process. Petitioner further stated he was not the actual killer; he did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder in the first degree; or that he was not a major participant in the felony or did not act with reckless indifference to human life during the course of the crime or felony. Petitioner further stated the murder victim was not a peace officer acting in the performance of his or her duties. Petitioner further stated he was convicted of second degree murder under the natural and probable consequences doctrine or under the second degree felony-murder doctrine and he could not now be convicted of murder because of changes to section 188, effective January 1, 2019. Lastly, petitioner stated there had been a prior determination by a court or jury that he was not a major participant and/or did not act with reckless indifference to human life under section 190.2, subdivision (d) and therefore is entitled to section 1170.95 resentencing.

On April 4, 2019, the People filed a motion to dismiss the petition, arguing that Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) was unconstitutional and that petitioner was ineligible for resentencing because the jury found true the special circumstance, which established petitioner was a major participant in the robbery who acted with reckless indifference to human life. On April 8, 2019, the trial court appointed the public defender's office to represent petitioner. Petitioner's counsel did not file a reply.

On both January 15 and March 16, 2020, the parties appeared at a hearing and the matter was continued.[5] On March 17, 2020, the People sent an email to defense counsel,

---

[5] We previously denied petitioner's "APPLICATION TO CORRECT THE RECORD ON APPEAL," filed on May 18, 2022, without prejudice to filing it in the

4.

with a copy to the assigned judge, regarding cases on the previous day's calendar, "[a]s [the assigned judge] instructed."  Therein, the People stated:

> "Based on the record of conviction including the associated appellate opinions, the following cases fail to state a prima facie case for relief under [Senate Bill] 1437.  Please note that where the special circumstance murder allegations were found true, that defendant would be ineligible as a matter of law because the jury has found him/her to have been a major participant who acted with reckless disregard for human life."

> With specific regard to petitioner, the People stated:

> "The jury found the special circumstance to be true.  [Petitioner] was found to have been a major participant with reckless disregard.  As such, he cannot establish that had the changes to [section] 188 and [section] 189 been in place, he could not have been convicted of murder."

The trial court responded to the email, noting that the matters referred to by the People were set for April 17, 2020, and asking defense counsel to advise the court prior to that date whether he agreed or disagreed with the People's position.  The record does not contain an email response from defense counsel.

> The matter was heard on April 17, 2020, and the trial court stated:

> "As to [another of the petitioners referred to in the prosecutor's email], his request is denied for resentencing.  The [c]ourt finds he is not eligible for the relief requested.  The same is true—the [c]ourt makes the same finding as to [petitioner].  Seeing the DA's response, he is not eligible."

> The court's minute order states only, "[Petitioner] not eligible."

> A timely appeal followed.

---

superior court.  The application was denied because the matter sought to be corrected was irrelevant to this appeal.

5.

## DISCUSSION

### I.    Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill 1437 "to amend the felony murder rule and the natural and probable consequences doctrine … to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill accomplished this task by adding three separate provisions to the Penal Code.  (*People v. Gentile* (2020) 10 Cal.5th 830, 842 (*Gentile*).)  First, to amend the natural and probable consequences doctrine, the bill added section 188, subdivision (a)(3), which requires a principal to act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *Gentile*, at pp. 842–843.)  Second, to amend the felony-murder rule, the bill added section 189, subdivision (e):

> "A participant in the perpetration or attempted perpetration of [qualifying felonies] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."[6]  (§ 189, subd. (e); accord, *Gentile*, *supra*, 10 Cal.5th at p. 842.)

Finally, the bill added section 1170.95 to provide a procedure for those convicted of a qualifying offense "to seek relief under the two ameliorative provisions above." (*Gentile*, at p. 843.)  This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice

---

**6**    Additionally, section 189 was amended to allow for felony-murder liability where the victim is a peace officer.  (§ 189, subd. (f); accord, *People v. Daniel* (2020) 57 Cal.App.5th 666, 672.)

is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1170.95, subd. (a).)

"Section 1170.95 lays out a process" for a person convicted of one of the aforementioned offenses "to seek vacatur of his or her conviction and resentencing." (*Gentile*, *supra*, 10 Cal.5th at p. 853.)  First, an offender must file a petition in the sentencing court averring that:

> "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;]

> "(2) The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder[; and]

> "(3) The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."  (§ 1170.95, subd. (a)(1)–(3); see also § 1170.95, subd. (b)(1)(A); accord, *People v. Lewis* (2021) 11 Cal.5th 952, 959–960 (*Lewis*).)

Additionally, the petition shall state "[w]hether the petitioner requests the appointment of counsel."  (§ 1170.95, subd. (b)(1)(C).)

If a petition fails to contain the required information and the information cannot be "readily ascertained" by the court, the petition may be denied without prejudice to the filing of another petition.  (§ 1170.95, subd. (b)(2).)  Otherwise, counsel must be appointed, if requested.  (§ 1170.95, subd. (b)(3).)  The prosecutor must file a response and the petitioner may file a reply.  The trial court must then hold a hearing to determine if the petitioner has made a prima facie showing that he or she is entitled to relief.

(§ 1170.95, subd. (c); accord, *Lewis*, *supra*, 11 Cal.5th at pp. 961–963, 967.)  In making this determination, the court may rely on the record of conviction.  (*Lewis*, at pp. 970–971.)  The record of conviction includes, but is not limited to, jury instructions and verdict forms.  (See generally *id*. at p. 972.)  However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' "  (*Id*. at pp. 971–972.)

If the court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder[, attempted murder, or manslaughter] conviction and to resentence the petitioner on any remaining counts."  (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1170.95, subds. (c), (d)(1).)  At the hearing, the prosecution must "prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing."  (§ 1170.95, subd. (d)(3).)  The prosecutor and the petitioner may offer new or additional evidence to meet their respective burdens.  The admission of evidence at the hearing is governed by the Evidence Code.  However, the court also "may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed," as well as the "procedural history of the case recited in any prior appellate opinion."  (§ 1170.95, subd. (d)(3).)  Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule.  (§ 1170.95, subd. (d)(3).)

To demonstrate prejudice from the denial of a section 1170.95 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing.  (*Lewis*, *supra*, 11 Cal.5th at pp. 972–974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.    Analysis

Petitioner contends the trial court erred in denying the petition without conducting an evidentiary hearing.  Because the trial court denied the petition without specifically stating its reasons, petitioner attacks possible rationales the court may have relied upon. Specifically, petitioner contends the court erred to the extent it (1) determined his petition was facially insufficient, (2) relied on the jury's special circumstance finding, (3) made its own factual findings to determine petitioner was a major participant who acted with reckless indifference to human life, or (4) relied on the appellate opinion from petitioner's codefendant's appeal to support such a finding.[7]

Because the trial court did not provide a statement of reasons, the basis for its ruling is unclear.[8]  However, we conclude the jury's special circumstance finding establishes petitioner is ineligible for resentencing as a matter of law.  Accordingly, the petition was properly denied without an evidentiary hearing and any error in the court's reasoning is harmless.  (*Lewis*, *supra*, 11 Cal.5th at pp. 972–974; see *People v. Brooks* (2017) 3 Cal.5th 1, 39 [reviewing court may uphold the trial court's ruling if it is supported by any legally correct theory].)  We therefore do not consider whether the court erred in denying the petition on other grounds.

---

[7]    He further argues he is entitled to reversal without a showing of prejudice, or unless the court's errors were harmless beyond a reasonable doubt.  However, as stated, our Supreme Court has held that such errors are subject to harmless error review under the *Watson* standard.  (*Lewis*, *supra*, 11 Cal.5th at pp. 972–974.)

[8]    In a supplemental points and authorities letter, petitioner cites Senate Bill No. 775 (2021–2022 Reg. Sess.), effective January 1, 2022, which amended section 1170.95 requiring that "[i]f the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so." (§ 1170.95, subd. (c).)  Here, in its oral ruling, the trial court's reference to "the DA's response" strongly suggests the court relied on the special circumstance finding, as that was the only substantive ground advanced by the People for denial of relief.  However, as we discuss further below, to the extent the trial court erred in failing to provide a statement of reasons, petitioner was not prejudiced because he is ineligible for resentencing relief as a matter of law.

**A.**     **The Special Circumstance Finding Establishes Petitioner Is Ineligible for Resentencing as a Matter of Law**

To be eligible for relief pursuant to section 1170.95, petitioner must not have been the actual killer, must not have acted with the intent to kill or malice aforethought, and must not have been a major participant in the underlying felony who acted with reckless indifference to human life.  (§§ 188, subd. (a)(3), 189, subd. (e), 1170.95, subd. (a)(3); see *Gentile*, *supra*, 10 Cal.5th at p. 842.)  Here, the jury found true a special circumstance pursuant to section 190.2, subdivision (a)(17), which requires imposition of an aggravated sentence for certain murders committed during the commission or attempted commission of a robbery.  To find this special circumstance true, the jury was required to find either that petitioner was the actual killer, aided and abetted in the murder with an intent to kill, or acted "with reckless indifference to human life and as a major participant" in aiding and abetting the commission of the robbery.  (§ 190.2, subds. (b), (c), (d); *People v. Gutierrrez-Salazar* (2019) 38 Cal.App.5th 411, 419.)  In other words, "[t]he language of the special circumstance tracks the language of Senate Bill 1437 and the new felony-murder statutes."  (*Ibid.*)  Therefore, the special circumstance finding establishes the jury made the findings necessary to sustain a murder conviction under the law, as amended by Senate Bill 1437.  Petitioner is ineligible for resentencing as a matter of law.

Nonetheless, petitioner contends the special circumstance finding is not dispositive.  He argues our Supreme Court's holdings in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) substantively changed the legal meaning of the terms "major participant" and "reckless indifference to human life" after his jury trial.  He therefore contends the special circumstance finding does not establish all facts necessary to sustain a murder conviction under current law.  In this regard, he points out that the jury was not instructed on malice murder, but was instructed on felony murder and the natural and probable consequences doctrine.  He also

contends the special circumstance instruction did not require the jury to find intent to kill or implied malice. He further contends he is not required to overturn the special circumstance finding in a habeas proceeding before seeking relief under section 1170.95. Lastly, he contends the People effectively seek to utilize the special circumstance finding as a preclusive bar to relief, despite the inapplicability of any traditional preclusion doctrines. We address petitioner's arguments in turn.

### i. *Banks* and *Clark* Do Not Change Our Analysis

"*Banks* and *Clark* 'clarified "what it means for an aiding and abetting defendant to be a 'major participant' in a crime who acted with a 'reckless indifference to human life.' " ' [Citation.] *Banks* identified certain factors to consider in determining whether a defendant was a major participant; *Clark* identified factors to guide the determination of whether the defendant acted with reckless indifference to human life." (*People v. Gomez* (2020) 52 Cal.App.5th 1, 13, fn. 5, review granted Oct. 14, 2020, S264033.) The Courts of Appeal are split on the question of whether a special circumstance finding entered prior to *Banks* and *Clark* renders a petitioner ineligible for section 1170.95 resentencing as a matter of law (see *People v. Jones* (2020) 56 Cal.App.5th 474, 478–479 [collecting cases], review granted Jan. 27, 2021, S265854), and our Supreme Court has granted review to decide the issue (*People v. Strong* (Dec. 18, 2020, C091162) [nonpub. opn.], review granted Mar. 10, 2021, S266606).

This court has concluded that a special circumstance finding entered prior to *Banks* and *Clark* precludes relief as a matter of law. (*People v. Simmons* (2021) 65 Cal.App.5th 739, 748–749, review granted Sept. 1, 2021, S270048 (*Simmons*).) In so doing, we held that *Banks* and *Clark* did not state a new rule of law but rather illuminated factors a fact finder might consider in determining whether a defendant was a major contributor who acted with reckless indifference to human life. (*Ibid*.) Although we recognize review has been granted in *Simmons*, we see no reason to depart from our analysis and conclusions therein. The principles illuminated in *Banks* and *Clark* existed

11.

when the jury found true the robbery special circumstance (§ 190.2, subd. (a)(17)) and we have no basis to conclude the jury or the court understood these terms differently at the time of his conviction.

### ii. The Jury Instructions Support a Conclusion That Petitioner Is Ineligible for Resentencing as a Matter of Law

Petitioner raises two contentions with respect to the jury instructions: (1) the jury instructions permitted the jury to convict petitioner of first degree murder under the natural and probable consequences doctrine,[9] and (2) the special circumstance instruction did not require the jury to find intent to kill or actual malice.

As to the first contention, petitioner is correct that the jury instructions permitted the jury to render a guilty verdict under a natural and probable consequences theory, and specifically under a theory which is no longer valid under sections 188 and 189, as amended by Senate Bill 1437. However, the record establishes the jury did *not* find petitioner guilty of first degree murder based on the natural and probable consequences doctrine. Rather, the robbery special circumstance finding makes clear the jury determined petitioner either was the actual killer, aided and abetted in the murder with the intent to kill, *or* was a major participant and acted with reckless indifference to human life in the commission of the robbery, thereby making him ineligible for resentencing as a matter of law.

To the extent petitioner contends the special circumstance finding is not dispositive because the jury was not properly instructed on the special circumstance, we disagree. Section 1170.95 provides a mechanism for resentencing individuals whose convictions are no longer valid due to changes to sections 188 and 189. (§ 1170.95,

---

[9] The instruction he points to permitted the jury to convict petitioner of felony murder without malice, but did not implicate the natural and probable consequences doctrine. However, other instructions permitted the jury to render a guilty verdict under the natural and probable consequences doctrine.

12.

subd. (a)(3).) It does not provide a mechanism for challenging a jury's prior factual findings. (*People v. Allison* (2020) 55 Cal.App.5th 449, 461.) "The purpose of section 1170.95 is to give defendants the benefit of amended sections 188 and 189 with respect to issues not previously determined, not to provide a do-over on factual disputes that have already been resolved." (*Allison*, at p. 461.) This court has declined to utilize the section 1170.95 procedure to examine the record of conviction to determine whether a special circumstance finding was properly entered. (*Simmons*, *supra*, 65 Cal.App.5th at p. 749, review granted.) Rather, this court has concluded that such findings are binding on the issues necessarily decided by the jury, unless the findings were invalidated on direct appeal or in a habeas proceeding. (*Ibid*.) Petitioner's special circumstance finding has not been invalidated on direct appeal or in habeas. The finding establishes that petitioner is ineligible for resentencing as a matter of law.

Furthermore, petitioner's argument regarding instructional error is meritless. With regard to the special circumstance, the jury was instructed in relevant part as follows:

> "[If you find that a defendant was not the actual killer of a human being, you cannot find the special circumstance to be true unless you are satisfied beyond a reasonable doubt that such defendant with the intent to kill [aided,] [abetted,] [or] [assisted] any actor in the commission of the murder in the first degree], or with reckless indifference to human life and as a major participant, [aided,] [abetted,] [or] [assisted] in the commission of the crime of robbery which resulted in the death of a human being, namely Saleh Bin Hassan." (Brackets in original.)

While we agree with petitioner that the special circumstance instruction did not *require* the jury to find he acted with intent to kill, it did require the jury to find petitioner at least aided and abetted in the robbery as a major participant and with reckless indifference to human life. Such finding is sufficient to sustain the murder conviction under the law as amended by Senate Bill 1437. (See §§ 189, subd. (e)(3), 190.2, subd. (d).)

### iii. Petitioner Is Required to Challenge the Special Circumstance Finding in a Petition for Writ of Habeas Corpus

Petitioner argues he should not be required to file a successful habeas petition prior to seeking relief under section 1170.95 because habeas procedures afford him no right to counsel, place greater procedural burdens in his path, and place the burden of proof on petitioner to show entitlement to relief. He argues it is inappropriate to require him to overturn the special circumstance finding in habeas, as there is not a requirement in section 1170.95 or Senate Bill 1437 that he do so. We rejected this proposition in *Simmons*, *supra*, 65 Cal.App.5th at p. 749, review granted. Again, while we recognize review has been granted in *Simmons*, we see no reason to depart from our analysis and conclusions therein.

### iv. The Preclusion Doctrines

Petitioner further contends that because the preclusion doctrines of claim preclusion (res judicata), issue preclusion (collateral estoppel), and law of the case are inapplicable in this case, a prior special circumstance finding cannot preclude resentencing eligibility.

We need not resort to the application of preclusion doctrines to conclude the special circumstance finding bars petitioner's claim. The Legislature specifically precluded relief if a petitioner "was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (§ 189, subd. (e)(3); see also § 1170.95, subd. (a)(3).) Here, a jury previously found, beyond a reasonable doubt, that petitioner was at least a major participant in the robbery and acted with reckless indifference to human life. He is ineligible for resentencing on that basis.

14.

## B. Ineffective Assistance of Counsel

Lastly, petitioner contends he was denied his due process right to effective assistance of counsel because defense counsel failed to contest the prosecution's evidence and arguments at the prima facie stage. We disagree.

" ' "In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome. [Citations.]" ' " (*People v. Brown* (2014) 59 Cal.4th 86, 109; see generally *People v. Ledesma* (1987) 43 Cal.3d 171, 216–218; *Strickland v. Washington* (1984) 466 U.S. 668, 688, 693–696.) "An appellate court's ability to determine from the record whether an attorney has provided constitutionally deficient legal representation is in the usual case severely hampered by the absence of an explanation of an attorney's strategy." (*People v. Weaver* (2001) 26 Cal.4th 876, 955.) Therefore, " '[i]f the record on appeal fails to show why counsel acted or failed to act in the instance asserted to be ineffective, unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation, the claim must be rejected on appeal. [Citations.]' " (*Ibid.*; see generally *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266–268.) "The merits of such claims are more appropriately resolved, not on the basis of the appellate record, but rather by way of a petition for writ of habeas corpus." (*People v. Johnson* (2016) 62 Cal.4th 600, 653.) However, we "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." (*Strickland*, at p. 697.)

Here, even if counsel's performance was deficient, petitioner was not prejudiced. As noted above, the robbery special circumstance finding establishes petitioner's ineligibility for resentencing as a matter of law. It was not reasonably probable petitioner

would have obtained a better result had his counsel filed additional briefing or argued against the People's evidence. (*Strickland v. Washington*, *supra*, 466 U.S. at pp. 687–688.)

## **DISPOSITION**

The order denying petitioner's section 1170.95 petition is affirmed.